UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
BERT LOCKHART,

                Plaintiff,

      vs.

VALENTINE & KEBARTAS, INC.

                Defendant.
-------------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff BERT LOCKHART ("Plaintiff"), by and through his attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for his Complaint against the Defendant VALENTINE & KEBARTAS, INC. ("Defendant" and/or "VKI"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

1. Plaintiff brings this action on his own behalf for damages arising from the Defendant's violation(s) of § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff is a resident of the State of New York residing in Depew, NY.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant VKI is a Massachusetts corporation engaged in business of collecting debts with its principal place of business located at 15 Union St., Suite 6, Lawrence, MA 01840-1823.

5. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

7. The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, UNITED STUDENT AID FUNDS, INC., either directly or through intermediate transactions assigned, placed, transferred, or sold a debt to VKI for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. Upon information and belief, at some time during the past one year prior to the filing of this action, Defendant began its attempts at collecting the alleged debt from Plaintiff.

14. In or about December 2012, Defendant placed telephone calls to Plaintiff.

15.     In or about December 2012, Defendant placed telephone calls to Plaintiff on his cellular telephone, to his place of employment, and another location that Plaintiff's employer has.

16.     Plaintiff is employed at Daryl's Car Audio.

17.     On or about December 20, 2012, Defendant and its authorized agent and debt collector "William DeRosa" placed telephone calls to Plaintiff on his cellular telephone.

18.     Dissatisfied with its inability to reach Plaintiff on his cellular telephone during working hours, Defendant and its authorized agent and debt collector "William DeRosa" then placed telephone calls to Plaintiff's place of employment.

19.     Defendant and its authorized agent and debt collector "William DeRosa" placed telephone calls to Plaintiff's place of employment and eventually spoke with Plaintiff's co-worker Chris Holmes.

20.     Plaintiff's co-worker Chris Holmes is not in Human Resources, Administration, nor is he otherwise involved in any way with employee payroll or wage garnishments.

21.     Plaintiff's co-worker Chris Holmes is not obligated on the alleged debt nor has Plaintiff consented to communications about the alleged debt being directed to Chris Holmes.

22.     Defendant and "William DeRosa" disclosed to Plaintiff's co-worker Chris Holmes, an unauthorized third party, information regarding the alleged debt.

23.     Defendant and "William DeRosa" disclosed to Plaintiff's co-worker Chris Holmes, an unauthorized third party, that VKI would be "processing paperwork to garnish Bert's wages".

24.     Later that same day, Defendant and its authorized agent and debt collector "William DeRosa" again placed telephone calls to Plaintiff's place of employment.

25. Defendant and "William DeRosa" claimed that Plaintiff had sold him some car parts and that he needed to speak with him.

26. Plaintiff is employed at Daryl's Car Audio as an installer.

27. As a result of Plaintiff's job position, Plaintiff does not have contact with customers.

28. Said statement by Defendant and "William DeRosa" in line 25 is false.

29. Said statement by Defendant and "William DeRosa" in line 25 is false and therefore caused Plaintiff's boss, Mark Pinnavaia to become concerned and involved.

30. Defendant and "William DeRosa" admitted to Plaintiff's boss, Mark Pinnavaia that they lied in order to get Plaintiff on the telephone.

31. Defendant and "William DeRosa" disclosed to Plaintiff's boss, Mark Pinnavaia, an unauthorized third party, information regarding the alleged debt.

32. Defendant and "William DeRosa" disclosed to Plaintiff's boss, Mark Pinnavaia, an unauthorized third party, that Plaintiff had a "faulty loan" that he needs to pay.

33. Plaintiff's boss, Mark Pinnavaia is not obligated on the alleged debt.

34. Plaintiff asked Defendant to stop placing calls to Plaintiff's place of employment.

35. Plaintiff's boss, Mark Pinnavaia asked Defendant to stop placing calls to Plaintiff's place of business.

36. On or about December 22, 2012, Plaintiff spoke with Defendant's authorized agent and debt collector "Belinda" who identified and represented herself as a supervisor of Defendant and "William DeRosa".

37. Plaintiff expressed to "Belinda" his complaints regarding the previous interactions with Defendant and "William DeRosa".

38. Defendant and its supervisor "Belinda" attempted to apologize for the actions of Defendant and "William DeRosa".

39. Defendant did not deny Plaintiff's complaints and did not deny engaging in said actions.

40. Defendant and its supervisor "Belinda" screamed at "William DeRosa" to "Get the hell over here now!" and screamed at another person to "Get him over here!"

41. Defendant and its supervisor "Belinda" proceeded to put Plaintiff on hold for at least, if not more than, ten (10) minutes.

42. Upon returning, Defendant and its supervisor "Belinda" ignored and blew off Plaintiff's complaints.

43. Defendant and its supervisor "Belinda" stated to Plaintiff that Defendant would not call Plaintiff at his place of employment again.

44. Despite stating that Defendant would not call Plaintiff at his place of employment again, Defendant did just that.

45. On or about January 12, 2013, Defendant sent to Plaintiff a "NOTICE PRIOR TO WAGE WITHHOLDING" as required by 20 U.S.C. § 1095a *et. seq.*

46. In said "NOTICE" in line 45, Defendant demanded pursuant to 20 U.S.C. 1095a that Plaintiff establishes a written repayment agreement on or before 01/22/2013, or within ten (10) days, otherwise Plaintiff's wages would be garnished.

47. 20 U.S.C. 1095a(2) requires that Defendant provide said "NOTICE" in line 45 "a minimum of 30 days prior to the initiation of proceedings" for wage garnishment.

48. Defendant's "NOTICE PRIOR TO WAGE WITHHOLDING" is deficient and a violation of 20 U.S.C. § 1095a.

49. On or about January 23, 2013, Defendant sent to Plaintiff's place of employment an "ORDER OF WITHHOLDING FROM EARNINGS" pursuant to 20 U.S.C. § 1095a.

50. Defendant ordered that Daryl's Car Audio begin garnishing Plaintiff's wages.

51. Defendant's "ORDER OF WITHHOLDING FROM EARNINGS" was issued too soon and is therefore deficient and a violation of 20 U.S.C. § 1095a.

52. Despite stating that Defendant would not call Plaintiff at his place of employment again, Defendant continued to place telephone calls to Plaintiff's place of employment.

53. Defendant's continued telephone calls to Daryl's Car Audio caused tension between Plaintiff and his boss and further caused Plaintiff trouble at his job.

54. On or about January 30, 2013, Plaintiff received telephone calls at his place of employment from both "William DeRosa" and "Belinda"

55. Defendant and "William DeRosa" and "Belinda" falsely advised Plaintiff that they could keep calling his place of employment because the garnishment letter was sent.

56. Defendant and Plaintiff's boss, Mark Pinnavaia, spoke on the telephone again.

57. Plaintiff's boss, Mark Pinnavaia again demanded that Defendant stop calling Daryl's Car Audio.

58. Defendant responded by threatening Plaintiff's boss, Mark Pinnavaia with a $10,000.00 fine.

59. Plaintiff's boss, Mark Pinnavaia advised Defendant that if Defendant did not stop calling Daryl's Car Audio for Plaintiff that he would have to formally reprimand Plaintiff by writing him up.

60. At Daryl's Car Audio, Plaintiff and other employees may be written up 2-3 times before being suspended or terminated.

61. Defendant again did not care and said that they were allowed to continue calling.

62. Defendant and "William DeRosa" went so far as to call the other location for Daryl's Car Audio where Plaintiff does not work in an effort to discuss the alleged debt.

63. As a result of Defendant's actions and inactions, Plaintiff was fearful that he may be written up at his place of employment.

64. As a result of Defendant's actions and inactions, Plaintiff was fearful that he may be written up at his place of employment and subsequently suspended or terminated.

65. As a result of Defendant's actions and inactions, Plaintiff was embarrassed and suffered from emotional distress and strained relations between himself and his boss, Mark Pinnavaia.

66. As a result of Defendant's actions and inactions, Plaintiff was confronted by his boss about the various incidents and it was not pleasant.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

67. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "66" herein with the same force and effect as if the same were set forth at length herein.

68. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

  a. 15 U.S.C. §1692b.

  b. 15 U.S.C. §1692c(a)(1) and (3).

  c. 15 U.S.C. §1692c(b).

  d. 15 U.S.C. §1692d-preface, (5), and (6).

  e. 15 U.S.C. §1692e-preface, (2)(A), (2)(B), (4), (5), and (10).

  f. 15 U.S.C. §1692f-preface, (1), (5) and (6).

69. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

70. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "69" herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

72. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff BERT LOCKHART demands judgment from the Defendant VALENTINE & KEBARTAS, INC. as follows:

   A. For actual damages provided and pursuant to 15 U.S.C. §1692k;

   B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

   C. Damages pursuant to New York General Business Law § 349;

   D. For attorneys' fees, costs and disbursements;

   E. For an award of pre-judgment interest on all sums awarded and/or collected;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff BERT LOCKHART hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which he is or may be entitled to at a jury trial.

Dated:        April 29, 2013

>Respectfully Submitted,
>
>**LAW OFFICES OF ALLISON POLESKY, P.C.**
>
>s/  Allison Polesky_____
>Allison Polesky
>NY Bar No.: 4693065
>Attorney for the Plaintiff Bert Lockhart
>LAW OFFICES OF ALLISON POLESKY, P.C.
>75 S. Broadway, 4th Fl.
>White Plains, New York 10601
>Phone:     914-610-3207
>Facsimile: 914-610-3770
>Email:     apolesky@poleskylaw.com